Filed 9/30/22  P. v. Ward CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C095225 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE015350) |
| v. | |
| CHARLES LEA VAUGHAN WARD, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Charles Lea Vaughan Ward has asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Our review of the record has disclosed that the trial court failed to impose the required $300 stayed parole revocation restitution fine (§ 1202.45), a $30 conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8), even though they were listed in the abstract of judgment and sentencing minute order, and were later stayed by the trial court at

1

defendant's request.  We will amend the judgment to impose and stay these amounts, to maintain the trial court's earlier order.  Finding no other arguable error that would result in a disposition more favorable to defendant, we affirm the judgment as modified.

BACKGROUND

The People's amended complaint charged defendant with felony willful and grossly negligent discharge of a firearm (Pen. Code, § 246.3—count one);[1] being a felon in possession of a firearm (§ 29800, subd. (a)(1)—count two); misdemeanor battery (§ 242—count three); and misdemeanor resisting, delaying, or obstructing an officer in the performance of his duties.  (§ 148, subd. (a)(1)—count four.)  It was further alleged that defendant had suffered two prior strikes.  (§§ 667, subds. (b)-(i), 1170.12.)

On September 22, 2021, defendant resolved his case by pleading no contest to count one and admitting one prior strike for a stipulated sentence of four years in prison, comprised of the midterm, doubled because of the prior strike.  In exchange, the trial court dismissed the remaining counts and enhancement, as well as another misdemeanor matter, with a *Harvey*[2] waiver.  Defendant was sentenced the same day in accordance with his plea and received 28 days of actual credit plus 28 days of conduct credit, for a total of 56 custody credit days.  Further, the trial court imposed a $300 restitution fine (§ 1202.4, subd. (b)) and reserved jurisdiction to award restitution to the victim.  Included in the minute order and abstract of judgment but not orally imposed by the court were a $300 stayed parole revocation restitution fine (§ 1202.45), a $30 conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment.  (§ 1465.8.)  Defendant timely appealed and did not receive a certificate of probable cause.

---

[1]    Undesignated statutory references are to the Penal Code.

[2]    *People v. Harvey* (1979) 25 Cal.3d 754.

2

Thereafter, the trial court granted defendant's section 1237.2 request to stay the fines and fees imposed pending an ability to pay hearing.[3]  However, the April 11, 2022 minute order and amended abstract of judgment incorrectly state that these fines and fees were waived.  Appellate briefing in this case was completed on August 22, 2022.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the relevant procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed but has not done so.

Having undertaken an examination of the entire record pursuant to *Wende*, we note the trial court failed to orally impose the required $300 stayed parole revocation restitution fine (§ 1202.45), a $30 conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8), even though they were listed in the abstract of judgment and sentencing minute order and were later stayed by the trial court.  We can and will correct the trial court's failure to impose these mandatory sentence choices. (*People v. Smith* (2001) 24 Cal.4th 849, 853-854 [Court of Appeal may correct errors associated with mandatory sentencing choices without the need to remand for further proceedings].)  However, consistent with the trial court's actions, we also will stay them. Finding no other arguable error that would result in a disposition more favorable to defendant, we affirm the judgment as modified.

---

**3**     The April 11, 2022 minute order and amended abstract of judgment incorrectly state that these fines and fees were waived. We will direct the trial court to correct these clerical errors.

3

DISPOSITION

The judgment is modified to impose and stay a $300 parole revocation restitution fine (§ 1202.45), a $30 conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment. (§ 1465.8.) The trial court is further directed to correct the amended abstract of judgment and April 11, 2022 minute order, as those documents incorrectly reflect that the fine and fees imposed in this matter were *waived*, rather than *stayed*. The trial court shall send a certified copy of the corrected amended abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed as modified.

                                           KRAUSE         , J.

We concur:

      HULL          , Acting P. J.

      DUARTE       , J.

4